Good morning. Thank you, your honors. My name is Jeffrey Diamond. I represent the appellate Michael Taylor. This is a relatively simple case. The court's being asked to determine whether, in a separate action, Mr. Taylor has the right to pursue recovery of attorney's fees owed to him under an agreement, under attorney's fees provision, in an agreement subsequent to the entry of judgment in which he was the prevailing party in a breach of contract action. This case, as your honors will note, is being decided under Illinois law based upon the terms and provisions of the entire agreement, which was a merged or employment contract, an assets purchase agreement, and a covenant not to compete. Now, it's basically Taylor's position that there could be more than one breach of a different contract. Certainly one of the arguments on behalf of Illinois Tool Works, ITW, if you will. Let me move to what I think is the bottom line. Aren't we controlled by the Woolsey case? Certainly, if there had not been any mention of attorney's fees in the first action, you may have something to say. But there was mention of attorney's fees. And doesn't Woolsey tell us that once attorney's fees have been put on the table and they didn't get awarded the first time, that's the end of the game? Well, in the Woolsey case, Woolsey sought the leave of court to raise the issue in the pre-trial conference order, which inexplicably did not do so. I respectfully submit, your honors, that the facts here are distinguishable, easily distinguishable. There was a mistaken belief on the part of both sides prior to the pre-trial conference order that there was no attorney's fees clause applicable, which then — Wasn't there a prayer for attorney's fees? The original complaint there was, your honor. However, I submit that the pre-trial conference order would have superseded that in the complaint. I thought there was a strategic judgment of counsel that didn't — and that there was some stuff on the record on this — that counsel for Taylor did not want to claim attorney's fees because it would be a double-edged sword and wasn't sure he was going to win on the merits and so made a strategic judgment. I'm not putting that up on the table. Yes, your honor. And then after a jury verdict, then presented it by motion and the court said, too late. Well, I believe — Too late because you didn't have it in the pre-trial order, too late because you filed your motion too late, or whatever. Isn't that what happened? Well, I believe what happened, your honor, was that there was, again, this mutual mistake as to whether or not there were attorney's fees, and then subsequent to the entry of And I believe what your honor is referring to was a decision made to wait a period of time. And at that point, when the application was made for attorney's fees, it was denied based upon, I submit, procedural grounds, although in the district court's same magistrate judge's opinion, he said it was implicit that it was on the merits, although his ruling did not state on the merits. Well, let's say it was procedural, except your argument on that. Why isn't that a so-what, you know, with all respect, under Woolsey? Why isn't it still squarely within Woolsey? Well, I would submit that, again, under Woolsey, there was a leave to file a complaint or a substantive action for attorney's fees, and it just was not pursued. And therefore — At Woolsey, it seems even weaker than this case. At Woolsey, they didn't file the motion for fees. But in this case, there was such a motion presented to the court. There was an application for fees. The court determined that it was late. The court had instructed the parties to, including ITW, to brief whether it was late procedurally, also on the merits. And they never had any discussion on the merits. I believe that's in the record before this court. I suppose Illinois could do whatever it wants with its law. But, you know, if your position were accepted, wouldn't it mean that in every contract breach case where there was a prevailing party provision, that a plaintiff could hold off and not present the issue of attorney's fees in case number one, and then as soon as that case is over, then make a demand for attorney's fees in case number one? If it was — In every case, you could have two lawsuits for every lawsuit. Well, it would seem that that, assuming that we don't — assuming that the doctrine of res judicata does not apply, I would submit, especially in this case under Illinois law, that in fact there could be a second lawsuit. And in fact, I've cited in the briefs the White v. New Hampshire Department of Employment Security, a U.S. Supreme Court action. I acknowledge that it had to do with the statute. But it was really significant that the Supreme Court did talk about the fact that because this is a whole separate inquiry that doesn't arise until the judgment creditor, if you will, becomes the prevailing party. Well, maybe I got it wrong, but I was thinking that the Illinois Appellate Court was sort of closing that possibility down in Woolsey of, you know, of having a separate suit each case the time there was a contract breach. I would submit that in the Woolsey case, the Court did that. But I see a distinction of the facts. Therefore, it would be applied to that case only. Okay. Thank you. Your Honors, I wish to reserve my time. Thank you. Good morning. May it please the Court, David Poole on behalf of Illinois Tool Works. I just want to quickly respond to a couple of the points that have been made by counsel. Number one, as the Court has correctly indicated, in fact, the attorney's fees were paid for in the action originally. There was, in fact, at the time of the pretrial conference order an express representation by the plaintiffs below, the appellants here, that there was no attorney's fees provision. We, it was not a mutual mistake situation. We continue to believe that that provision was not applicable. In any event, they represented to the Court that there was no attorney's fees provision. And then, in fact, the pretrial conference order indicated that that was not an issue in the case. Subsequent to the judgment being entered, they did, in fact, in that case, request attorney's fees. They were denied. And significantly, there was no appeal from that judgment. They didn't want to pay your client's fees if they lost. So maybe that was smart. And, you know, you can't blame them for doing that and then trying to get fees afterwards. But then the question is, when the Court shut them, when the Court denied it, does Taylor's theory work to say that the refusal to pay the fees after that is an independent contract breach and, therefore, another lawsuit can be filed? And I think it's pretty clear it does not under the Woolsey case. And I think How do you answer your colleague's arguments distinguishing Woolsey? Well, his argument was that Woolsey, the plaintiff, or actually it was the defendant, filed leave to file a cross-claim for attorney's fees. That's because there are no compulsory counterclaims in Illinois. So the attorney's fees issue for him was not, would not have been in play until he filed the counterclaim. There's really no distinction because in Woolsey, the person seeking the attorney's fees did, in fact, take an affirmative step to put that issue into the case by seeking leave to file a cross-claim. In this case, the claim for attorney's fees is already in the case because they prayed for it. It was in the prayer, in the complaint. The attorney's fees issue was in the complaint. And then he brought it back into that first case when, subsequent to the judgment, he moved for attorney's fees. So this is an a fortiori? Absolutely. And just to distinguish the White case, which he indicated, that was a 1988 civil rights action case. That court made it very clear that why 54D should not be followed in a civil rights action case is because those attorney's fees would be completely discretionary with the court under that statute. There's a number of things that need to be determined separately by the court in the 1988 action. And the court expressed concern about the number of those actions. The court may, through the course of the 1988 action, issue a series of orders. And the court was concerned that in a civil rights action case that there would be a problem with at what point in time is the judgment final and could they never seek attorney's fees for actions that have been taken by the court before. I have a question for you about Illinois law. And I meant to ask Mr. Diamond this, so I'll ask you first and maybe he could reply on it. Is there any Illinois case that awards attorney's fees under a prevailing party contract provision after the conclusion of the underlying litigation? In other words, we've got Woolsey and Mr. Diamond's given a theory to distinguish it. Is there any Illinois case where an Illinois court has distinguished Woolsey and gone down that road? Not that we've found. And there's one important point that I'd like to make as well. If you look at the attorney's fees provision that they're relying on in the asset purchase agreement, it is not a prevailing party attorney's fees provision. It is an attorney's fees are described as part of the remedy for a breach of warranties. It's an indemnification provision. So in fact, it would have been a remedy which would have flowed from the breach which was the subject of the original litigation and would not have arisen or ripened as they're attempting to claim. So like a special damage in the first case. Exactly. And under Rule 9G, it should have been pled, as it was pled, in fact, in the complaint. Thank you. Mr. Diamond, you want to use your time as best you think it should be used, but could you answer the question that I gave your colleague? I would agree with Mr. Poole. We have not found any other case distinguishing the Woolsey case. I trust that's responsive. Thank you. Thank you. Insofar as the indemnification clause is concerned, in the opening brief, I did cite the Lewis Cohen Insurance Trust versus Stern and Merritt case, which I believe did characterize a very consistent attorneys' fees clause, and I'll leave it to your honors to make that determination. Really what we're talking about, first of all, Taylor did not become the prevailing party until judgment was entered in his favor against Illinois Tool Works for $743,000. And the key determinative question is, did then a substantive right under the contract for attorneys' fees arise? And if so, was there a breach when ITW, Illinois Tool Works, refused the demand to pay them? And insofar as the prior determination, this court has to determine whether there was a substantive determination of the issue on the merits in the district court, or whether it was purely procedural and therefore did not foreclose the right. Well, let me go back to Woolsey, because you did not have a substantive determination that there was no entitlement to attorneys' fees. You had the issue put on the table as by being granted leave to file, and then a subsequent failure to file. So that sounds procedural in somewhat the same way that is arguably the case here. I think Your Honor has very appropriately pointed out the confusion that can arise sometimes between procedural and substantive. My reading of the Woolsey case in that regard is that this is not fair. There certainly was an argument here made about judicial estoppel, and that certainly would be a situation where that might arise under Woolsey. So I think there really was a mixed question of procedural and substantive there. I think that a procedural right was granted that became a substantive right when Woolsey elected, for whatever reason, not to exercise it. You guys must have had fun trying this case, and just want to keep going forever with it. I was not trial counsel, but it was a lot of fun as I understand it. Thank you, Your Honors. Appreciate it. The case is argued as submitted for decision. We'll hear the next case, which is Honey v. Shellman.
judges: Schroeder, Gould, Clifton